IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-02542-E-BK |
| | § | |
| SENDERA TITLE, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Now before the Court is *Defendant's Motion to Dismiss for Lack of Jurisdiction or Defendant's Plea to the Jurisdiction*. Doc. 9. For the reasons stated here, the motion should be **GRANTED**.

**I.   ANALYSIS**

Plaintiff, a Texas resident, filed a *pro se* complaint against Defendant, a Texas-based company, for breach of contract, identity theft, and fraud.[1] Doc. 3 at 1. Plaintiff seeks damages in the amount of $5,400. Doc. 3 at 1. Defendant argues in the motion *sub judice* that the Court lacks jurisdiction over Plaintiff's claim. Doc. 9 at 1.

Unless otherwise provided by statute, a federal court has subject matter jurisdiction over (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) a case where there is complete diversity of citizenship between parties and at least

---

[1] While unclear on the face of her complaint, Doc. 3 at 1, Plaintiff's response clarifies the only claim alleged against Defendant is for breach of contract, and the identity theft and fraud allegations are against other parties not joined in this suit, Doc. 14 at 1. Regardless, the Court lacks jurisdiction.

$75,000 in controversy, *see* 28 U.S.C. § 1332. "Under the well-pleaded complaint rule, 'a federal court has original . . . jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (quoting *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008)).

The Court liberally construes Plaintiff's complaint with all deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers" (internal quotations omitted)); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Plaintiff has not alleged facts that establish federal question or diversity jurisdiction.

Plaintiff fails to present a federal cause of action. At best, her complaint alleges only a state-law contract claim against Defendant. Plaintiff also has not pled the existence of facts establishing subject-matter jurisdiction based on diversity, which requires complete diversity of citizenship. 28 U.S.C. § 1332; *see Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants) (citation omitted). Even assuming, *arguendo*, that complete diversity exists, Plaintiff seeks only $5,400 in damages[2] and, thus, has failed to meet the threshold amount in controversy of $75,000. 28 U.S.C. § 1332.

---

[2] Plaintiff appears to argue in her response that jurisdiction exists because the property at issue is priced at $245,000, Doc. 7 at 1, but the measure of damages on her claims is only $5,400, Doc. 3 at 1. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (providing it must be "apparent from the face of the petition that the claims are likely to exceed $75,000").

## II.   LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint prior to dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff in her complaint clearly demonstrate a lack of subject matter jurisdiction in this Court. Thus, granting leave to amend would be futile and cause needless delay.

## III.   CONCLUSION

For the foregoing reasons, *Defendant's Motion to Dismiss for Lack of Jurisdiction or Defendant's Plea to the Jurisdiction*, Doc. 9, should be **GRANTED**. Plaintiff's complaint, Doc. 3, should be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

**SO RECOMMENDED** on April 28, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).