IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANDACE SEARCY, | § | |
|     PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-2542-E-BK |
| | § | |
| SENDERA TITLE, | § | |
|     DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the undersigned United States magistrate judge for pretrial management. Doc. 1. Now before the Court are Plaintiff's *Motion to Reopen Case*, Doc. 24, and *Motion to Reopen Case Based on Evidence*, Doc. 25. For the reasons stated here, the motions should be **DENIED**.

**I. BACKGROUND**

Plaintiff filed a *pro se* complaint against Defendant for breach of contract, identify theft, and fraud, seeking $5,400.00 in damages. Doc. 3 at 1. On May 17, 2022, the Court accepted the *Findings, Conclusions, and Recommendation of the United States Magistrate Judge* and ordered this case dismissed without prejudice for lack of subject-matter jurisdiction. Doc. 22, Doc. 23. On May 20, 2022, Plaintiff filed her *Motion to Reopen Case*, Doc. 24, and on June 6, 2022, Plaintiff filed her *Motion to Reopen Case Based on Evidence*, Doc. 25.

## II. ANALYSIS

If a party files a motion seeking a change in judgment within 28 days of the entry of the judgment, a court analyzes the motion under Rule 59(e) of the Federal Rules of Civil Procedure.  *See* FED. R. CIV. P. 59(e); *Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) ("A motion for reconsideration is 'deemed to arise under Rule 59 if filed within Rule 59's [then] ten-day time limit' regardless of the label applied to the motion.") (citation omitted).  To prevail on a motion to alter or amend judgment under Rule 59(e), the moving party must show (1) an intervening change in controlling law; (2) the availability of evidence not previously available; or (3) a manifest error of law or fact.  *See Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (listing options for Rule 59(e) relief).  Although courts have "considerable discretion" determining Rule 59(e) motions, they sparingly grant relief based on Rule 59(e)'s "extraordinary remedy."  *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).

Here, Plaintiff filed both motions to reopen within 28 days of the entry of the judgment.  Doc. 23, Doc. 24, Doc. 25.  Accordingly, the Court construes Plaintiff's motions to reopen as motions to alter or amend judgment under Rule 59(e).  *See McGrew v. McQueen*, 415 Fed. App'x 592, 594-95 (5th Cir. 2011) (liberally construing a *pro se* motion to reopen case filed within 28 days of dismissal as arising under Rule 59(e)).

Plaintiff's motions state in conclusory fashion that she is entitled to pursue her claims as Defendant committed "civil" and "financial" crimes which caused her "emotional, mental, and physical harm."  Doc. 24, Doc. 25.  However, even under the most liberal construction, Plaintiff fails to (1) show any intervening change in controlling

law since entry of the judgment; (2) demonstrate that the exhibits she attached to the motions in support were not previously available, Doc. 24-1, Doc. 25 at 3; (3) argue, let alone demonstrate, that the Court committed a manifest error of law or fact in the dismissal of this case.  Doc. 24, Doc. 25.  As such, Plaintiff has not shown that the "extraordinary relief" provided by Rule 59(e) is justified.  Thus, Plaintiff is not entitled to the relief she seeks.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's *Motion to Reopen Case*, Doc. 24, and *Motion to Reopen Case Based on Evidence*, Doc. 25, should be **DENIED.**

**SO RECOMMENDED** on October 4, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

3